IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE CASTANEDA, a minor, by and through her Guardian ad Litem, RUMUALDO CASTANEDA, et.al,<br><br>           Plaintiffs,<br>vs.<br>ROBERT WENDELL, et al.,<br><br>           Defendants. | CASE NO. 1: 05 CV-0604 OWW DLB<br><br>FINDINGS AND RECOMMENDATIONS ON PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br>(Doc. 65) |

## INTRODUCTION

The verified petition of Guadalupe Castaneda by and through her Guardian ad Litem, Rumualdo Castaneda came on for hearing for approval of the proposed compromise of the above named minor against defendants Robert Wendell, Dalila Hernandez, Luciana Naldi, Livingston High School and Merced Union High School District on July 14, 2006 at 9:00 a.m. in Department 9 of the above entitled court. Appearing on behalf of the minor and her Guardian was attorney Lazaro Salazar.

## BACKGROUND

The minor Guadalupe Castaneda is a female born September 19, 1990 and is approximately fifteen years of age. This action arises out of an incident that occurred on December 4, 2004 in which Livingston High School vice-principal Dalila Hernandez and physical education teacher Luciana Naldi came to the girl's locker room at Livingston High School and detained over 67 female students,

including plaintiffs, in an effort to locate $21.00 reported missing during a physical education class and personally detained and searched students, back packs, purses and personal belongings. Not having found the missing $21.00 after said searches, vice-principal Dalila Hernandez and physical education teacher Luciana Naldi, dismissed other students but continued to detain and otherwise refused to release the plaintiffs. It is alleged that vice principal Dalila Hernandez then, after the initial detention, contacted principal Robert Wendell, who expressly approved, permitted and directed both Dalila Hernandez and Luciana Naldi to force the plaintiffs to enter an office area within the girl's locker room and submit to a strip search wherein the plaintiffs were forced to undress to their bras and panties. Said forced submission to a strip search was conducted near a large window where other students present at the time could and did observe plaintiffs as they were forced to submit to the above described search.

The detention, personal search and strip search of plaintiffs did not turn up the missing $21.00 and at no time were charges ever filed against any of the plaintiffs. The plaintiffs, all young high school students, were each highly embarrassed and humiliated by the incident. Following the incident the girls were subject to jokes and teasing by other students at their school. When the well liked principal, Robert Wendell, was transferred to another school and demoted to the position of teacher, the girls were further harassed by other students that blamed them for the actions taken against Mr. Wendell. The incident has made their high school experience extremely unpleasant. Plaintiffs sustained no permanent physical injuries from this incident.

This action was filed on May 4, 2005. By way of settlement, Guadalupe Castaneda, by and through her Guardian ad Litem Rumualdo Castaneda, has accepted a Federal Rule of Civil Procedure Section 68 Offer of Judgment served by defendants Robert Wendell; Dalila Hernandez, Luciana Naldi, Livingston High School and Merced Union High School District, for the sum of $45,000.00.

Petitioner seeks approval for payment out of the settlement proceeds of attorneys fees and costs in the total amount of $12,060.47 payable as follows: $1080.62 payable to Perez, Williams & Medina for reimbursement of case costs; and $10,979.85 (25% of $43,919.38) payable to Perez, Williams & Medina for attorneys fees. Petitioners propose that the balance of the settlement proceeds of $32,939.53 be used to purchase US Treasury Bonds to mature after Guadalupe turns 18 years of age, or September 19, 2008.

## DISCUSSION

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .
>
> . . .
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires *court approval* of the fairness and terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-42 (emphasis in original). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code, § 3601. A leading California practice guide observes:

> Courts vary in their fee approval policies. All will consider the time expended and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted.]

> Attorneys who believe their work deserves a fee higher than that usually approved must be prepared to demonstrate this to the judge.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2002) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-14.

The present petition substantially includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address the details of the proposed compromise. The $32,939.53 portion for the minor is reasonable based on the injuries sustained. The proposed payment of the monies for the minor is also reasonable and in her best interests. The requested attorneys fees and costs totaling $12,060.47 are reasonable and properly determined. The minor's $32,939.53 share should appropriately be used to purchase US Treasury Bonds to mature on or after the date she reaches the age of majority.

## CONCLUSION AND RECOMMENDATIONS

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT the Motion to Approve Consent Judgment Rule of Civil Procedure 68 Offer of Judgment Resolving Claim of Minor;

2. ORDER the minor's $32,939.53 share to be used to purchase US Treasury Bonds to mature on or after the minor reaches the age of majority; and

3. PERMIT $12,060.47 to be paid to Perez, Williams & Medina for fees and costs

These findings and recommendations are submitted to United States District Judge Oliver W. Wanger, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. Within ten (10) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 17, 2006              /s/ Dennis L. Beck
3b142a                            UNITED STATES MAGISTRATE JUDGE