# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE CASTANEDA, a minor, by and through her Guardian ad Litem, RUMUALDO CASTANEDA, et.al,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ROBERT WENDELL, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1: 05 CV-0604 OWW DLB<br><br>FINDINGS AND RECOMMENDATIONS ON MOTION TO MODIFY APPROVAL OF MINOR'S COMPROMISE<br>(Doc. 65)<br><br>OBJECTIONS DUE MAY 10, 2007 |

## INTRODUCTION

On July 17, 2006, a hearing was held for approval of the settlement of the minor Guadalupe Castaneda by and through her Guardian ad Litem, Rumualdo Castaneda with defendants Robert Wendell, Dalila Hernandez, Luciana Naldi, Livingston High School and Merced Union High School for the sum of $45,000.00 in Department 9 of the above entitled court. The Motion to Approve Consent Judgment Rule of Civil Procedure 68 Offer of Judgment resolving Claim of Minor was granted and the settlement was approved. It was approved that payment out of the settlement proceeds in the amount of $12,060.47 be made payable to Perez, Williams & Medina for attorneys' fees and costs. The net

balance of the settlement in the amount of $32,939.53 was to be used to purchase Treasury Bonds to mature on or after the date the minor reached the age of majority.

Delays were encountered in receiving payment of the settlement proceeds. Payment was forwarded to the Guardian ad Litem on January 23, 2007. The payment is currently being held in trust.

The Guardian ad litem, Rumualdo Castaneda now seeks a modification of the prior order approving the settlement to:

1. Allow Rumualdo Castaneda, as the Guardian ad Litem and natural father of the minor, to utilize the net settlement proceeds for the purchase of real estate located in the greater Merced County. The Guardian ad Litem proposes to purchase the real estate and place the minor's name on the title and record it as such in the Merced County Recorder's office; or in the alternative,

2. Deposit the net proceeds in a blocked trust account held with a banking institution insured with the Federal Deposit Insurance Corporation. The funds to be made available to the minor after she turns 18 years of age or September 19, 2008.

A hearing was held on the Motion to Modify Approval of Minor's Compromise on April 20, 2007. Lazaro Salazar appeared on behalf of the Guardian ad Litem. The minor was also present.

**FACTUAL BACKGROUND**

The minor Guadalupe Castaneda is a female born September 19, 1990 and is approximately fifteen years of age. This action arises out of an incident that occurred on December 4, 2004 in which Livingston High School vice-principal Dalila Hernandez and physical education teacher Luciana Naldi came to the girl's locker room at Livingston High School and detained over 67 female students, including plaintiffs, in an effort to locate $21.00 reported missing during a physical education class and personally detained and searched students, back packs, purses and personal belongings. Not having found the missing $21.00 after said searches, vice-principal Dalila Hernandez and physical education teacher Luciana Naldi, dismissed other students but continued to detain and otherwise refused to release the plaintiffs. It is alleged that vice principal Dalila Hernandez then, after the initial detention, contacted principal Robert Wendell, who expressly approved, permitted and directed both Dalila Hernandez and Luciana Naldi to force the plaintiffs to enter an office area within the girl's locker room and submit to

a strip search wherein the plaintiffs were forced to undress to their bras and panties. Said forced submission to a strip search was conducted near a large window where other students present at the time could and did observe plaintiffs as they were forced to submit to the above described search.

The detention, personal search and strip search of plaintiffs did not turn up the missing $21.00 and at no time were charges ever filed against any of the plaintiffs. The plaintiffs, all young high school students, were each highly embarrassed and humiliated by the incident. Following the incident the girls were subject to jokes and teasing by other students at their school. When the well liked principal, Robert Wendell, was transferred to another school and demoted to the position of teacher, the girls were further harassed by other students that blamed them for the actions taken against Mr. Wendell. The incident has made their high school experience extremely unpleasant. Plaintiffs sustained no permanent physical injuries from this incident.

This action was filed on May 4, 2005. By way of settlement, Guadalupe Castaneda, by and through her Guardian ad Litem Rumualdo Castaneda, accepted a Federal Rule of Civil Procedure Section 68 Offer of Judgment served by defendants Robert Wendell; Dalila Hernandez, Luciana Naldi, Livingston High School and Merced Union High School District, for the sum of $45,000.00.

## DISCUSSION

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the assigned Judge or Magistrate Judge approving the settlement or compromise.
>
> . . .
>
> (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . .
>
> . . .
>
> (c) Disclosure of Attorney's Interest. When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

. . .

      (e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that he is the duly qualified representative under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

F.R.Civ.P. 17(c) empowers a district court to make such "order as it deems proper for the protection" of a minor.  "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement." 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-42 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code, § 3601; Cal. Fam. Code, § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, § 3601.

The Court finds that the best interests and protection of the minor are better served by having the net settlement proceeds deposited in a blocked account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of 18.  The purchase of real estate as proposed by the Guardian ad litem would not be in the best interests of the minor as the money would potentially not be available to her when she turns 18.  While the Court recognizes the benefit to the minor's family from the proposed purchase, the minor's interests alone must guide the Court's decision.  The minor is more protected by an investment that is easily obtainable should she require use of the money.

## CONCLUSION AND RECOMMENDATIONS

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT the Motion to Modify the Approval of the Minor's Compromise;
2. ORDER the minor's $32,939.53 share to be deposited in a blocked account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of majority.

These findings and recommendations are submitted to United States District Judge Oliver W. Wanger, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  On or before May

10, 2007, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 2, 2007**                              /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE